988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JEPSON, INC. and Ko Shin Electric and Machinery Co., Ltd.,
Plaintiffs-Appellants,
v.
MAKITA USA, INC., Makita Corporation of America and Makita
Electric Works, Ltd., Defendants-Appellees.
 No. 93-1020.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1992.
 
 DISMISSED.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Jepson, Inc. et al. move to stay this appeal, to consolidate this appeal with a future appeal, and to have the briefing schedule in the consolidated appeal begin to run from the date the future appeal is docketed. Makita USA, Inc. et al. move to dismiss this appeal on the grounds that it is premature, that it is not in the proper appellate court, and for Jepson's failure to comply with the procedural requirements of this court.
 
 
 2
 Aside from exceptions not pertinent here, a party may appeal only from a final judgment. 28 U.S.C. § 1295. Jepson appealed from a district court's order that was labelled a final judgment. However, the order was the final disposition of Makita's counterclaims only and was not a final appealable judgment in the case. Therefore, this appeal is premature and must be dismissed.*
 
 
 3
 Regarding Makita's claim that this court lacks subject matter jurisdiction to hear this appeal, Makita is mistaken. This court has jurisdiction to review all cases where the complaint is based on the federal patent laws. Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988). Makita's request for dismissal based on Jepson's failure to comply with the court's procedural requirements is without merit.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Jepson's motion to stay this appeal, to consolidate this appeal with a future appeal, and to revise the briefing schedule is denied.
 
 
 6
 (2) Makita's motion to dismiss this appeal as premature is granted.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 Of course, Jepson is not precluded from filing an appeal from the final judgment entered, if appropriate